08-3433-ag (L); 09-0929-ag (Con)
Lu v. Holder

BIA
A076 002 124

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of December, two thousand nine.

PRESENT:

ROGER J. MINER,
JOHN M. WALKER, JR.,
REENA RAGGI,
    *Circuit Judges*.

_____

XIU YUE LU,
    *Petitioner*,

    v.                         08-3433-ag (L);
                                        09-0929-ag (Con)
                                        NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:      Theodore N. Cox, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney

**General; Stephen J. Flynn, Assistant Director; James A. Hurley, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of these consolidated petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Petitioner Xiu Yue Lu, a native and citizen of the People's Republic of China, seeks review of the following: (1) the July 3, 2008 order of the BIA denying her first motion to reopen her removal proceedings, *In re Xiu Yue Lu*, No. A076 002 124 (B.I.A. July 3, 2008); and (2) the February 26, 2009 order of the BIA denying her second motion to reopen, *In re Xiu Yue Lu*, No. A076 002 124 (B.I.A. Feb. 26, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (per curium). Upon reviewing the record, we find that the BIA did not abuse its discretion in denying Lu's motions to reopen as untimely because Lu's

February and November 2008 motions were filed more than 90 days after the BIA entered a final order of removal in April 2002.  *See* 8 C.F.R. § 1003.2(c)(2) (providing that an alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered).

Furthermore, the BIA did not abuse its discretion in declining to equitably toll the time period for filing Lu's motions to reopen because she failed to demonstrate that she exercised due diligence in pursuing her ineffective assistance of counsel claims.  *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006).  In order to warrant equitable tolling of the time period for filing a motion, even assuming that a movant were to demonstrate that prior counsel was ineffective, an alien is required to demonstrate "[the] exercise [of] due diligence" in pursuit of her claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed."  *See Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008).

The record shows that Lu has failed to provide sufficient explanation for her lack of action in both (1)

3

the four years between the BIA's April 8, 2002 decision dismissing her appeal and the retention of second counsel in 2006 and (2) the time from that point until her first motion to reopen on February 20, 2008. As such, Lu has failed to establish the exercise of due diligence in pursuit of her claims during either the period of time before the ineffective assistance of counsel was discovered or the period from that point until the motion to reopen was filed. *Id.*

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

4